# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 04 CR 372 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| MICHAEL VALLONE, et al. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendant Michael Vallone's Motion for Reconsideration of the Denial of His Motion for Release on Bond Pending Sentencing in Light of Certain Supplemental Evidence. For the following reasons, the Motion is denied.

## I. BACKGROUND

On May 19, 2008, a jury convicted Defendant Michael Vallone and five other Defendants of numerous federal tax fraud charges. On that same date, the government moved for the immediate detention of three Defendants: Vallone, Edward Bartoli, and Timothy Shawn Dunn. The court granted the government's motion as to Vallone and Dunn, and denied the motion as to Bartoli. Two days later, Vallone moved the court for release on bond pending sentencing. The court conducted a hearing on the motion on May 30, 2008, during which the court expressed concerns regarding the propriety of Vallone's sale of the Heritage America company's assets, Vallone's subsequent employment as a consultant by the purchaser of these assets, and the ownership of property offered by Vallone as security for his release. The court denied the motion.

1

Vallone filed the instant Motion for Reconsideration on July 16, 2008. The government responded to the Motion on July 26, 2008. Vallone then filed two motions for extension of time to file a reply, which the court granted. On August 18, 2008, Vallone filed his reply. The Motion for Reconsideration is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

Vallone's initial motion for release pending sentencing, and the instant Motion for Reconsideration, are governed by 18 U.S.C. § 3143(a): Release or Detention of a Defendant Pending Sentence. Because Vallone was not convicted of a crime of violence, his Motion is governed by 18 U.S.C. § 3143(a)(1), which provides in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

The plain language of § 3143(a)(1) creates a presumption that convicted defendants will be detained pending sentencing. United States v. Davis, 442 F.3d 1003, 1008 (7th Cir. 2006); United States v. Ingle, 454 F.3d 1082, 1084 (10th Cir. 2006). The burden is therefore on the § 3143(a)(1) movant to establish, by "clear and convincing evidence," that he or she is not a flight risk, and poses no danger to the community. United States v. Strong, 775 F.2d 504, 505 (3d Cir. 1985).

### B. Vallone Has Failed to Establish that He is Not a Flight Risk

Vallone attaches certain "Supplemental Evidence" to his Motion for Reconsideration. This evidence includes what is purportedly a "Quitclaim Deed" showing that James W.

Delashmit, Karen Delashmit, and Jamie R. Parnell jointly own one of the properties Vallone offers as security for his release. Vallone asserts that "Jamie R. Parnell" is now "Jamie Vallone." This evidence also includes the Affidavit of someone named "James Seifrid," who purports to be the "Director of Heritage Estate Plans." In his Affidavit, Seifrid explains that "Heritage Estate acquired the assets of Heritage America, a nonprofit corporation whose Director is Michael Vallone." Seifrid Aff., ¶ 2. Seifrid's Affidavit also indicates that following the sale of Heritage America's assets, "Heritage Estate made monthly payments of $3,000 to Vallone Asset Management Company, and Mr. Vallone rendered consulting services, until 5/08, when Mr. Vallone was taken into custody and consequently no longer able to provide such services." Id., ¶ 3.

The government asserts that the contract providing for the sale of Heritage America's assets is fraudulent, and that Heritage Estate Plans is merely a shell corporation created to provide Vallone with another unlawful tax shelter. The court makes no factual determinations at this time regarding the nature of Heritage Estate Plans or the contract at issue. It is enough to say that Seifrid's Affidavit and the purported "Quitclaim Deed" do nothing whatsoever to alleviate the court's concerns regarding the shady nature of Vallone's finances. Far from supporting an argument to release Vallone pending sentencing, his post-indictment behavior regarding his assets and financial arrangements with Seifrid smack of mischief, with no indication of disclosure to Pretrial Release or the court.

The court also notes that Vallone submits, along with his reply brief, the Affidavit of Tim Beddingfield, Associate Pastor at the Sauk Trail Baptist Temple in Richton Park, Illinois. In this Affidavit, Beddington asserts that Vallone could work two hours per day, five days a week,

3

without financial compensation, at the Sauk Trail Baptist Temple. In return, a Sauk Trail pastor would serve as Vallone's third-party custodian. This Affidavit is entirely unconvincing. Doing uncompensated chores at a church for a few hours a week is a far cry from holding down solid, forty-hour per week employment.

More importantly, the court determines that for the following reasons, Vallone has not met his burden of establishing with clear and convincing evidence that he is not a flight risk. Under the Federal Sentencing Guidelines, the government asserts, Vallone faces a sentence of 292-365 months. Vallone does not dispute the government's Guideline calculations. This potentially lengthy sentence constitutes a significant motive to flee. See United States v. Diaz, 777 F.2d 1236, 1238 (7th Cir. 1985) ("[P]ersons facing heavy sentences for particular types of offenses are likely to jump bail."); United States v. Leibowitz, 652 F. Supp. 591, 596 (N.D. Ind. 1987). It is undisputed that Vallone is experienced in international travel, having made several trips outside the United States since 1998. Evidence presented at trial indicates that Vallone does not consider himself a citizen of the United States, but rather a "citizen of the world." The government asserts that Vallone has accumulated substantial wealth over the past nine-year period, and that evidence connects Vallone to various foreign financial accounts in Aruba, Belize, and other locations. Vallone disputes the notion that he has accumulated significant wealth and has access to foreign bank accounts. The court makes no factual determination on this issue at this time. However, keeping in mind the well-established rule that it is the § 3143(a)(1) movant's burden to establish that he is not a flight risk, the court notes that absconding can be quite tempting for a defendant who possesses "substantial wealth [and] has stashed assets in foreign nations." United States v. Krilich, 187 F.3d 859, 862 (7th Cir. 1999).

## III. CONCLUSION

It is Vallone's burden to convince the court that he is not a flight risk. He has failed to meet that burden. In addition, the "Supplemental Evidence" he has presented does not alleviate the court's concerns regarding the murky, and possibly mischievous, nature of his post-indictment financial situation. Vallone's Motion for Reconsideration of the Denial of His Motion for Release on Bond Pending Sentencing in Light of Certain Supplemental Evidence is therefore denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: August 22, 2008